# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHC Holdings, LLC, a Kansas limited liability company,<br><br>      Plaintiff,<br>  v.<br><br>JP Denison LLC, a Nevada limited liability company,<br><br>      Defendant. | Case No. 2:17-cv-02718-KJD-PAL<br><br>**ORDER** |

Presently before the Court is Plaintiff SHC Holdings' Motion to Strike (#15). Defendant JP Denison filed a response in opposition (#18) and Countermotion to Set Aside Default (#19). Plaintiff filed a response (#22) in opposition to the countermotion.

I. Background/ Procedural History

Plaintiffs filed the present action on October 25, 2017. Defendant JP Denison was personally served with summons and complaint on November 28, 2017. Proof of service was filed on December 6, 2017. Defendant's answer was due on December 19, 2017. Plaintiff's counsel did not inform Defendant that they were moving for entry of default or inquire about Defendant's intention to proceed.

On January 2, 2017 the Clerk of the Court entered default against JP Denison. On

January 5, 2018, Defendant filed its answer. On December 29, 2017, Plaintiff filed its motion for default judgment. On March 16, 2008, Defendant filed the present motion to set aside entry of default. Plaintiff did not notify Defendant of its intention to apply for default.

III. Analysis

Pursuant to Federal Rules of Civil Procedure 55(c), a court may set aside entry of default "for good cause shown." The "good cause" standard is the same standard that governs vacating a default judgment under Rule 60(b). See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004). The law favors deciding a case on its merits. See id. Thus, a default judgment is appropriate only in extreme circumstances. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). The Court considers three factors in analyzing good cause: (1) whether the defaulting party engaged in culpable conduct leading to the default; (2) whether the defaulting party has a meritorious defense; and (3) whether vacating the entry of default would prejudice the plaintiff. See Franchise Holding, 375 F.3d at 926. The court has discretion to deny the motion to set aside default if any one of the three factors favor plaintiff. See id. For the reasons stated *infra*, the Court finds that Defendant has shown good cause to vacate the entry of default

A. Culpable Conduct

When examining culpable conduct, the court concurrently examines any excusable neglect of the defaulting party. See id. at 927. Defendant's conduct is culpable if it "received actual or constructive notice of the filing of the action and failed to answer" or otherwise defend. Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 690 (9th Cir. 1988). A defendant's failure to answer, however, may be excused depending on the reason for

2

the delay if defendant acted in good faith. See TCI Group, 244 F.3d at 696. Further, conduct is culpable only where the explanation of the default is consistent with a devious, deliberate, willful or bad faith failure to respond. See Employee Painter's Trust v. Ethan Enters., 480 F.3d 993, 1000 (9th Cir. 2007).

Here, Defendant's late response was made with good faith as it had been in discussion with Plaintiff for an extension on time in filing its answer. During these negotiations, which immediately preceded winter, Plaintiff proceeded with its application of default. Defendant had contracted Plaintiff's attorney's multiple times seeking extension of time to file the answer, but received no response. Once the Defendant learned that Default had been entered, Defendant immediately filed an answer.

B. Meritorious Defense

To succeed on a motion to set aside a default, the defendant must set forth specific facts that constitute a defense. See Franchise Holding, 375 F.3d at 926. Further, mere general denial, without facts to support it, is not sufficient. See id. Here, Defendant has asserted both legal and factual defenses to Plaintiff's patent and copyright infringement claims.

C. Prejudice

Plaintiff argues that it will be prejudiced if default is set aside. However, the rules favor the resolution of cases on their merits. See TCI Group, 244 F.3d at 695-696. Here, the answer was filed three days after the Plaintiff applied for default: there is no actual prejudice to the Plaintiff. Further, having to litigate a case on its merits never constitutes prejudice.

D. Motion to Strike Answer

Having granted Defendant's motion to set aside default, Plaintiff's motion to strike is

denied as moot.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff SHC Holdings' Motion to Strike (#15) is **DENIED** as moot;

IT IS FURTHER ORDERED that Defendant JP Denison's Countermotion to Set Aside Default (#19) is **GRANTED**;

IT IS FURHTER ORDERED that the Clerk of the Court **VACATE** Entry of Default (#12).

Dated this 26th day of June, 2018.

_____
Kent J. Dawson
United States District Judge

4